UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| DAMON ANDERSON, | ) | No. ED CV 10-01941-VBK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| v. | ) | |
| | ) | (Social Security Case) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1.   Whether the Administrative Law Judge ("ALJ") properly held

1    that Plaintiff can perform his past relevant work as a mail
2    clerk.
3    2.    Whether the ALJ properly considered the demands of
4          Plaintiff's past relevant work.
5    3.    Whether the ALJ properly considered Plaintiff's testimony
6          and made correct credibility findings.
7    (JS at 2-3.)

8

9    This Memorandum Opinion will constitute the Court's findings of
10   fact and conclusions of law.  After reviewing the matter, the Court
11   concludes that the decision of the Commissioner must be affirmed.

12

13                                    I

14          **THE ALJ PROPERLY DETERMINED THAT PLAINTIFF**

15       **CAN PERFORM HIS PAST RELEVANT WORK AS A MAIL CLERK**

16   Following an administrative hearing (AR 18-33), at which
17   testimony was taken from a vocational expert ("VE"), the ALJ issued a
18   Decision (AR 9-17), assessing that, at Step Four of the sequential
19   evaluation process, Plaintiff could return to his past relevant work
20   ("PRW") as a mail clerk, DOT 209.687-026. (AR 16.)  This was based on
21   the ALJ's determination of Plaintiff's residual functional capacity
22   ("RFC"), which precluded Plaintiff, in part, from working with moving
23   machinery. (AR 13.)

24   In his first issue, Plaintiff contends that the ALJ erred because
25   his PRW as a mail clerk, as that occupation's non-exertional
26   requirements are defined in the Dictionary of Occupational Titles
27   ("DOT") would require him to work with moving machinery.  Plaintiff
28   contends that there exists a deviation between the identified job and

the requirements of the DOT which was not sufficiently explained by the ALJ.

In questioning the VE, the ALJ asked her to insure that her testimony is consistent with the DOT, and if not, to identify the deviation. (AR 31.)  In response, the VE identified Plaintiff's PRW as mail clerk.  Plaintiff's argument that he is not capable of this job because of the moving machinery preclusion is not well taken, because the DOT definition of mail clerk does not require that the person work around moving machinery.  As identified, a mail clerk can open envelopes by hand or machine, and can similarly seal envelopes in the same fashion.  As the Commissioner concedes, it might be argued that the function of addressing mail could require use of machinery, but this does not defeat the ALJ's identification of this job as being within Plaintiff's RFC at Step Four, for several reasons.  First, the DOT contains a separate job identification entitled "Addressing - Machine Operator (Clerical), DOT 208.582-010."  Second, as a matter of legal application, the DOT lists the maximum requirements of occupations as they are generally performed. (See Social Security Ruling ("SSR") 00-4p.)  In this regard, where there might only be a slight discrepancy between the job identification in the DOT and a particular individual's RFC, a VE's testimony can resolve that apparent distinction.  Here, the deviation, if any, is so de minimis as to allow expert VE testimony to identify that particular job as available to this Plaintiff.  Any more substantial deviation, however, would require testimony by the VE to explain the deviation.  Any other rule would simply allow a VE's testimony, per se, and without any explanation, to substitute for the exertional or non-exertional requirements of a particular identified job.  Here, the VE was

specifically asked to identify any available jobs in accordance with
the requirements of the DOT.  It can be fair to presume, therefore,
that the slight variation or deviation between Plaintiff's RFC and the
general non-exertional requirements of the identified job was
sufficiently resolved by the VE's testimony, based upon her expertise.
In this circumstance, the Court cannot find any error.

Plaintiff's second issue does not merit substantial attention.
There he questions whether the ALJ properly considered the demands of
his past relevant work.  His argument is that the ALJ performed
insufficient fact finding in determining "the actual physical and
mental demands of plaintiff's past relevant work." (JS at 8.)

This argument has no merit, because it is factually incorrect.
Indeed, there is substantial evidence in the record about Plaintiff's
PRW.  For example, in his Disability Report - Adult, Plaintiff
described his duties in that job. (AR 128-134.)  The ALJ further
considered vocational information in making his findings of fact. (AR
31-32, 129-30, 137, 146-48.)  Further, as required by statute, the
Commissioner "will take administrative notice of reliable job
information available from various governmental and other publications
[including the DOT]." (See 20 C.F.R. §404.1566(d).)

Thus, the ALJ did take note of reliable and relevant job
information in determining that Plaintiff could return to his PRW.


## II

**THE ALJ PROPERLY CONSIDERED PLAINTIFF'S TESTIMONY AND CREDIBILITY**

Plaintiff contends that the ALJ improperly rejected his
subjective descriptions concerning his seizure disorder.  Plaintiff
cites a Seizure Questionnaire (AR 143-145), and his testimony at the

4

administrative hearing (AR 22-29).

The ALJ found that Plaintiff's credibility was limited to the extent it was inconsistent with the defined RFC.  In accordance with the requirements of 20 C.F.R. §404.1529, and SSR 96-7p, the ALJ set forth various reasons for depreciating Plaintiff's credibility.  These include the fact that Plaintiff is repeatedly not compliant with his medications. (AR 175, 186, 187, 190, 192, 197, 211, 213, 214-15, 216-17, 218-19, 222, 223, 230, 239, 278.)  Plaintiff has not disputed the accuracy of this interpretation of his treatment records.  Failure to take prescribed medication is a factor which undermines credibility.  See Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989).

Plaintiff also made inconsistent statements regarding his seizures.  As the ALJ noted, he reported in February 2005 that he had not had a seizure since his Dilantin dose was increased. (AR 15, 203.)  In May 2005, however, he reported having seizures almost every day for the last several months. (AR 202.)  Such inconsistency in self-reporting is a viable credibility assessment factor.

Finally, as the Commissioner notes, there is a lack of objective clinical evidence which corroborates Plaintiff's subjective complaints.  These include EEG results which reflected no diagnostic abnormalities (AR 15, 196), accompanied by an indication that if Plaintiff were compliant with his medication, his seizures would be reasonably controlled. (AR 232-233.)  This lack of objective evidence is, again, a relevant credibility factor.

The Court determines that the ALJ relied upon specific credibility factors which are documented in the record to depreciate Plaintiff's credibility regarding the nature and extent of his seizure disorder.

1    The decision of the ALJ will be affirmed.  The Complaint will be

2 dismissed with prejudice.

3    **IT IS SO ORDERED.**

4

5 DATED: September 16, 2011                    /s/

6                                      VICTOR B. KENTON
                                      UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28